# IN THE SUPREME COURT OF THE STATE OF NEVADA

BRAULIO ENCIZO-BENITEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 70269

FILED

OCT 03 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of driving and/or being in actual physical control of a motor vehicle while under the influence of an intoxicating liquor or alcohol resulting in substantial bodily harm and leaving the scene of an accident. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

A witness identified appellant Braulio Encizo-Benitez as the owner of a vehicle involved in a hit-and-run accident. Officers reported to Encizo-Benitez's home, identified the vehicle, and arrested Encizo-Benitez after he failed sobriety testing.

Encizo-Benitez filed a motion in the justice court seeking to dismiss private counsel and represent himself. The justice court dismissed Encizo-Benitez's private counsel but appointed a public defender as replacement counsel. Encizo-Benitez again moved to represent himself. After a *Faretta* canvass regarding his motion, the justice court denied his request.

Encizo-Benitez was bound over to the district court for trial. Encizo-Benitez's counsel requested a trial continuance more than one month before trial, which Encizo-Benitez opposed. Counsel indicated that Encizo-Benitez may wish to represent himself. The district court

17-33533

summarily declined to allow Encizo-Benitez to represent himself, noting only its difficulty communicating with him, and granted a continuance.

After a four-day jury trial, Encizo-Benitez was convicted of driving and/or being in actual physical control of a motor vehicle while under the influence of an intoxicating liquor or alcohol resulting in substantial bodily harm and leaving the scene of an accident. The district court sentenced Encizo-Benitez to an aggregate prison term of fifteen years with the possibility of parole after five years.

## DISCUSSION

*The district court abused its discretion by summarily denying Encizo-Benitez's request for self-representation*

Encizo-Benitez argues that the district court erred by summarily denying his request to represent himself. We agree.

"A criminal defendant has the right to self-representation under the Sixth Amendment of the United States Constitution and the Nevada Constitution." *Vanisi v. State*, 117 Nev. 330, 337, 22 P.3d 1164, 1169 (2001); U.S. Const. amend. VI; Nev. Const. art. 1, § 8(1). "Deprivation of the right to self-representation is reversible, never harmless, error." *Vanisi*, 117 Nev. at 338, 22 P.3d at 1170.

A defendant who chooses self-representation "must knowingly and intelligently forgo" his or her right to counsel. *Faretta v. California*, 422 U.S. 806, 835 (1975) (internal quotation marks omitted). When a defendant seeks to waive his or her right to counsel, "court[s] should conduct a *Faretta* canvass to apprise the defendant fully of the risks of self-representation and of the nature of the charged crime so that the defendant's decision is made with a clear comprehension of the attendant risks." *O'Neill v. State*, 123 Nev. 9, 17, 153 P.3d 38, 43 (2007) (internal quotation marks omitted).



> A district court may, however, deny a defendant's request for self-representation where the request is untimely, the request is equivocal, the request is made solely for the purpose of delay, the defendant abuses his right by disrupting the judicial process, or the defendant is incompetent to waive his right to counsel.

*Id.* at 17, 153 P.3d at 44 (internal quotation marks omitted). This court has held that where a request for self-representation is untimely, a district court does not err in failing to perform a *Faretta* canvass or offer sufficient rationale for denying the request. *See id.* at 18, 153 P.3d at 44. We review the district court's decision to deny a motion for self-representation for an abuse of discretion. *See Gallego v. State*, 117 Nev. 348, 362, 23 P.3d 227, 236-37 (2001), *abrogated on other grounds by Nunnery v. State*, 127 Nev. 749, 263 P.3d 235 (2011).

Here, defense counsel informed the district court that Encizo-Benitez may wish to represent himself. To the extent the State argues that this request is equivocal, it is belied by the record because the district court clearly interpreted counsel's statement as a request by Encizo-Benitez to represent himself. Rather than conduct a *Faretta* canvass, the district court summarily denied the request, stating, "[g]iven the difficulty I'm having in communicating with you today, I am not comfortable letting you represent yourself." Because the district court denied Encizo-Benitez's request to represent himself without conducting a *Faretta* canvass or further inquiry, the district court abused its discretion.

Despite the district court's failure to conduct a *Faretta* canvass or provide its rationale for the denial of the request for self-representation, the State relies on *O'Neill* to argue that denial was proper because the request was untimely and would result in trial delay, the case was complex, and Encizo-Benitez did not understand the nature of the proceedings. We

conclude that the State's arguments in this regard are without merit. First, Encizo-Benitez's request for self-representation more than one month before trial was made in the context of *avoiding* a continuance and was timely and not for the purposes of delay. *See Vanisi*, 117 Nev. at 339, 22 P.3d at 1170 (finding that a request was timely where the defendant made the motion approximately one month before the start of the trial and did not request a continuance). Next, we note that the State provides no authority to establish that the complexity of the case or a lack of understanding excuses the failure to hold a *Faretta* hearing or proffer a rationale when denying a request for self-representation. Regardless, we find that the record establishes neither consideration merited denial of Encizo-Benitez's request for self-representation. *See id.* at 341, 22 P.3d at 1172 (holding that while the complexity of the case "is relevant on the issue of whether a defendant's decision to waive counsel was made understanding the potential consequences of the decision, it is not an independent basis for denial of a motion for self-representation"); *Tanksley v. State*, 113 Nev. 997, 1000-01, 946 P.2d 148, 150 (1997) ("[T]he question before the district court is not whether the defendant can competently represent himself, but whether he can knowingly and voluntarily waive his right to counsel.").

Based on our holding, we reverse Encizo-Benitez's judgment of conviction and remand with instructions to conduct a *Faretta* canvass. If the district court determines that Encizo-Benitez may knowingly and intelligently waive his right to counsel, then a new trial is warranted. If,

however, the district court determines that Encizo-Benitez is unable to represent himself, then it shall reenter the original judgment.[1]

*Other issues on appeal*

Encizo-Benitez also argues that (1) the district court erred in instructing the jury by refusing to give instructions derived from *Sanborn v. State*, 107 Nev. 399, 812 P.2d 1279 (1991), regarding two pieces of unavailable evidence; (2) the district court erred by declining to give his witness-identification instruction; (3) the district court violated his constitutional rights by admitting un-Mirandized, custodial statements into evidence; and (4) the State violated his Due Process rights by shifting the burden of proof during closing argument.

We conclude that Encizo-Benitez's arguments are without merit. First, *Sanborn* instructions were unnecessary because Encizo-Benitez cannot show he was prejudiced by the unavailable evidence. *See Sanborn*, 107 Nev. at 408, 812 P.2d at 1286; *see also Cook v. State,* 114 Nev. 120, 125, 953 P.2d 712, 715 (1998). Second, a specific eye-witness instruction was unnecessary because this court has explicitly rejected the need for such an instruction. *See Nevius v. State*, 101 Nev. 238, 248-49, 699 P.2d 1053, 1060 (1985). Third, the un-Mirandized statements were made in a non-custodial setting and, therefore, their admission did not violate Encizo-Benitez's constitutional rights. *See State v. Taylor*, 114 Nev. 1071, 1081-82, 968 P.2d 315, 323 (1998). Finally, the State's comments during closing argument, in context, did not constitute improper burden shifting. *See Leonard v. State,* 117 Nev. 53, 81, 17 P.3d 397, 414 (2001).

---

[1]We also conclude that the justice court abused its discretion in denying Encizo-Benitez's motion to represent himself, but given our ruling here, we need not address what occurred in the justice court any further.

## CONCLUSION

Based on the foregoing, we conclude that the district court abused its discretion by failing to conduct a *Faretta* canvass before refusing to allow Encizo-Benitez to represent himself. Accordingly, we

ORDER the judgment of conviction AFFIRMED IN PART, REVERSED IN PART, and REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:  Hon. Elizabeth Goff Gonzalez, Chief Judge
     Clark County Public Defender
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk